UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO JIMENEZ PASCUAL (A# 221-486-588), | No.  1:26-cv-03133 DAD SCR |
| Petitioner, | |
| v. | FINDINGS & RECOMMENDATIONS |
| TODD BLANCHE, et al., | |
| Respondents. | |

Petitioner is a federal immigration detainee proceeding with a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  This action was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

The undisputed record in this case demonstrates that Petitioner, a citizen and national of Guatemala, entered the United States without inspection sometime in the year 2005.  ECF No. 1 at 10, ¶¶ 39-40; ECF No. 9-1 at 2.  On February 12, 2026, Petitioner was arrested in Palm Beach County, Florida, for suspected battery under Fla. Stat. § 784.03(1)(a)(1).  ECF No. 9-2 at 2.  The next day, Petitioner was transferred from Palm Beach County Jail into the custody of Immigration and Customs Enforcement ("ICE").  Id.  ICE issued Petitioner a notice to appear and charged him as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i).  Id.; ECF No. 1-7.  On March 2, 2026, Palm Beach County officials declined to charge Petitioner.  ECF No. 1-6.  Petitioner remains detained in the California City Detention Center, within this judicial district.  ECF No. 1 at 8, ¶ 28.

1

Petitioner filed the instant § 2241 petition on April 24, 2026, challenging the legality of his ongoing detention without bond under the Immigration and Nationality Act ("INA") ("Misapplication of Mandatory Detention Statute"), the Due Process Clause of the Fifth Amendment, and the Fourth Amendment.  ECF No. 1 at 19-21.  He seeks immediate release or, in the alternative, a bond hearing pursuant to 8 U.S.C. § 1226(a).  Id. at 22.  Respondents oppose the petition and, citing the minority view of cases, maintain Petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2).  ECF No. 9 at 2.

Respondents acknowledge that "there are no significant factual or legal issues in this case that materially distinguish it" from Valencia Cardenas v. Chestnut, No. 1:26-cv-2073 DAD SCR (HC), 2026 WL 785871 (E.D. Cal. Mar. 20, 2026), and Gutierrez v. Chesnut, No. 1:25-cv-1515 DAD AC (HC), 2025 WL 3514495 (E.D. Cal. Dec. 8, 2025), two cases where District Judge Drozd held that 8 U.S.C. § 1226(a), not § 1225(b), applies to noncitizens like Petitioner "who were physically present in the United States for some period of time before they were detained by ICE.  Gutierrez, 2025 WL 3514495, at *4 (citations omitted).  The undersigned agrees with this line of cases and finds that § 1226(a) governs Petitioner's detention here.[1]

Accordingly, Petitioner is entitled to relief on his INA claim for Misapplication of Mandatory Detention Statute.  ECF No. 1 at 19.  Because Respondents have unlawfully detained Petitioner for nearly three months without the procedural protections due under § 1226(a), namely the right to request custody re-determination before an immigration judge ("IJ"), see 8 C.F.R. § 1236.1(d), the undersigned recommends his immediate release as opposed to a bond hearing.  See Valencia Cardenas, 2026 WL 785871, at *1 (ordering immediate release as remedy for similar

---

[1]  The undersigned also notes the increasing body of appellate case law outside the Ninth Circuit on this issue.  The undersigned declines to follow Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026), and Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026), for the reasons articulated in De La Paz Salazar, et al. v. Noem, No. 1:26-cv-0899 DC SCR, 2026 WL 915128, at *4 (E.D. Cal. Apr. 3, 2026).  The undersigned instead finds persuasive the Second Circuit's extensive analysis in Cunha v. Freden, --- F.4th ---, 2026 WL 1146044 (2d Cir. Apr. 28, 2026).  See also Castañon-Nava v. U.S. Dep't of Homeland Security, 161 F.4th 1048, 1060-62 (7th Cir. 2025) (concluding that DHS is "not likely to succeed on the merits of their argument that those individuals, whom ICE arrested without a warrant [in the interior of the United States], are subject to mandatory detention under § 1225(b)(2)(A)").

2

INA violation); cf. Gutierrez, 2025 WL 3514495, at *7 (ordering a bond hearing as relief for INA violation where petitioner had already received multiple bond hearings before an IJ).

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1.    Petitioner Francisco Jimenez Pascual's (A# 221-486-588) application for a writ of habeas corpus be granted on Count 1, Violation of INA ("Misapplication of Mandatory Detention Statute"),[2] as follows:

    a.  Respondents be ordered to immediately release petitioner from respondent's custody; and

    b.  Respondents be enjoined and restrained from re-detaining Petitioner for any purpose without providing Petitioner with the procedural safeguards he is entitled to under 8 U.S.C. § 1226(a) and its implementing regulations.

2.    The Clerk is directed to serve the California City Detention Center with a copy of this Order.

3.    Any order adopting these findings and recommendations include language that they do not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  The parties

---

[2]  In the interests of judicial economy, the two remaining claims in the § 2241 petition are not addressed herein.

are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 4, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE